## MORGAN v. BUCKINGHAM (two cases).
### No. 1511.

Court of Appeal of Louisiana. First Circuit.
June 14, 1935.

Lindsay McDougall, of Covington, for appellant.

J. Monroe Simmons, of Covington, for appellee.

ELLIOTT, Judge.

These suits were consolidated in the lower court for the purpose of trial, and were tried together; separate judgments being rendered in each case. We find it convenient to follow the same course, and will make one opinion serve for both.

The personal actions against L. M. Buckingham arise from the same quasi offense, and are grounded on article 32 of the Code of Practice.

That of Lewis L. Morgan, suit No. 6893 on the docket of the lower court, is based on the destruction of part of his yard fence, damage to another part, necessitating the expense of restoring and repainting the fence to its former condition and appearance, and the recovery of damages on account of a nuisance created, resulting from defendant's fault amounting to a serious deprivation of the enjoyment of his house, yard, and premises.

That of Ruth L. Morgan, suit No. 6890 on the docket of the lower court, is for the recovery of the value of her automobile, which was practically destroyed and rendered useless to her as a result of defendant's fault.

The defendant admits responsibility in his answer, in both cases, but contends that the amount claimed by the plaintiffs and allowed them by the court in each case is excessive.

The lower court fixed the amount to be paid Lewis L. Morgan at $274, and that to Miss Ruth Morgan at $350. In each case the defendant appealed.

The law, in providing that "every act whatever of man that causes damages to another, obliges him by whose fault it happened to repair it" (Civ. Code, art. 2315) and that "every person is responsible for the damage he occasions not merely by his act, but by his negligence, his imprudence, or his want of skill" (Civ. Code, art. 2316), has as its object, the repairment of actual losses, but damages are also due when a person uses his own property in such way as to cause inconvenience and deprivation to another of the enjoyment of his own property.

We are satisfied from the evidence that the amount recovered by Lewis L. Morgan in the lower court is made up by fixing his damage on account of the repairs necessary to his fence at a total of $74, which sum we find is not contradicted by the evidence, and we therefore let it stand, and the further sum of $200, on account of the nuisance caus-

ed on his premises as a result of defendant's act. This nuisance was of such nature and character that it proved a serious detriment to him and his family in the enjoyment of his premises for a month or longer. We are satisfied that Mr. Morgan would not consent to endure the nuisance resulting from defendant's act for the amount claimed on that account in his petition, but we cannot appreciate his feelings on the subject in money, and in that way fix on the amount which defendant should be compelled to pay him on that account. The amount is not easy to appreciate, but we have concluded that $200 is excessive, and that this item should be reduced to $100, thus making a total of $174 which the defendant will be compelled to pay him.

The next question is the amount which the defendant should be compelled to pay Miss Ruth L. Morgan on account of the damage done to her automobile. She recovered $350 in the lower court, and has filed an answer to defendant's appeal, in which she prays that the amount be increased to $476.

■ The evidence shows that Miss Morgan's automobile was a Chevrolet coupé, bought by her new, for $691, and that there were interest and insurance charges amounting to $40 paid thereon, making a total of $731. It was destroyed December 31, 1934. Miss Morgan therefore had had the use of her automobile for nearly five years, and had driven it 31,000 miles.

The evidence shows that it received at her hands the very best care and was still looking and running almost as if it was a new car, but of course it could not look or be quite as good as new after such a lengthy time and service. An automobile mechanic familiar with her automobile, called as a witness in her behalf, testified that it had a value of $400 at the time it was destroyed.

A dealer in Chevrolet automobiles, called by defendant and familiar with the value of that make, testified:

"There has been some evidence here that the car which was sold to her in February 1930, had a mileage of 31,000 miles. As a Chevrolet dealer could you state what would be the value of that car? Answer: I could not state the value of that Coupe, but I can give other values of that model car. The average 1930 Coupe sold for $130.00 during the month of February. The value of a 1930 model in unusual condition, I can say, was $250.00. I am not valuing her car. I am speaking of cars that sold in December.

"Will you state, if you can, what was the code value? Answer: The cars sold during the month of December, the average is $187.00. Now, I know her car was a little above average, and the above average car would be valued at about $250.00."

After considering the matter, we have concluded that $350 is too high, and that the amount should be reduced to $250.

The evidence shows that her car has a salvage value estimated at about $35. The salvage value is uncertain, but Miss Morgan has the right, of course, to sell the wreck of her car for what she can obtain for it, and retain the sum received over and above the amount which the defendant will be required to pay her.

For the reasons stated, the judgment in favor of Lewis L. Morgan against L. M. Buckingham, No. 6893 of the docket of the lower court, is reduced from $274 to $174, and, as thus amended, the judgment is affirmed; defendant to pay the costs in the lower court, and plaintiff-appellee the costs of appeal.